IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| THE FRESH MARKET, INC., | Civil Action No.: 6:15-cv-553-Orl-18KRS |
| Plaintiff, | |
| v. | COMPLAINT |
| ZAID ALI, MY FRESH MARKET CORP., AND GE ORGANICS, INC., | JURY TRIAL DEMANDED<br>INJUNCTIVE RELIEF REQUESTED |
| Defendants. | |

FILED 2015 APR -3 PM 1:25

The Plaintiff, The Fresh Market, Inc. ("TFM"), by its attorneys, as and for its Complaint herein against the Defendants Zaid Ali, My Fresh Market Corp., and GE Organics, Inc. (collectively, "Defendants"), alleges the following:

## PARTIES

1. TFM is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 628 Green Valley Road, Suite 500, Greensboro, North Carolina 27408.

2. Upon information and belief, Zaid Ali is an individual person residing at 3830 Dairy Road, Unit 108, Melbourne, Florida 32904.

3. My Fresh Market Corp. is duly organized and existing under the laws of the State of Florida, having its principal place of business located at 1719 North Wickham Road, Melbourne, Florida, 32904.

4. GE Organics, Inc. is a corporation duly organized and existing under the laws of the State of Florida, having its principal place of business located at 4651 Babcock Street NE, 18139, Palm Bay, Florida 32905.

5. Upon Information and belief, Defendant Zaid Ali is the principal and owner of Defendants My Fresh Market Corp. and GE Organics, Inc.

6. Upon further information and belief, Defendant Zaid Ali, at all times relevant herein, directed the actions of Defendants My Fresh Market Corp. and GE Organics, Inc.

## JURISDICTION AND VENUE

7. This is a civil action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"), as amended 15 U.S.C. § 1051 *et seq.* This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121 in that this action arises in part under 15 U.S.C. § 1125. This Court also has jurisdiction of this matter pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000. This Court has jurisdiction over TFM's state law claims under 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under federal trademark law, and pursuant to the doctrine of supplemental jurisdiction.

8. This court has personal jurisdiction over Defendants pursuant to the provisions of Fla. Stat. § 48.193 and the underlying due process principles of the United

States Constitution. Defendants are doing business in this state and district, have significant contacts in this state and district, have provided infringing services in this state and district, and have committed acts in this state and district that are subject of the counts set forth herein.

9. Venue is properly established in this Court pursuant to 28 U.S.C. Sections 1391(b) and (c), as the Defendants have engaged in acts of infringement within the jurisdiction of this Court, including this Judicial District, which acts are the subject of this Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The "THE FRESH MARKET" Trademark

10. TFM has been providing retail grocery store services in connection with its THE FRESH MARKET trademark (hereinafter referred to as "THE FRESH MARKET Mark") since at least as early as March 1982.

11. TFM is the owner of U.S. Trademark Registration Nos. 1,283,775 and 2,329,975 for THE FRESH MARKET for retail grocery store services in International Class 35.

12. U.S. Trademark Registration No. 1,283,775 for THE FRESH MARKET was placed on the Principal Register of the United States Patent and Trademark Office on June 26, 1984, and is now in full force and effect (the "TFM Registration"). A true and correct copy of this registration, which is valid and existing, incontestable, unrevoked and uncancelled, is attached hereto as Exhibit A.

13.     TFM has enjoyed continuous and substantially exclusive use of its THE FRESH MARKET Mark for its retail grocery store services since March of 1982.

14.     TFM's advertisement and provision of its services in connection with its THE FRESH MARKET Mark have been considerable. TFM spends approximately seven million dollars ($7,000,000.00) each year to advertise and promote its THE FRESH MARKET Mark and related services.

15.     TFM's annual sales are approximately one billion-seven hundred million dollars ($1,700,000,000.00).

16.     Based upon the continuous and substantially exclusive use of the THE FRESH MARKET Mark, and as a consequence of the extensive advertising, promotion and sale of products and provision of services under the THE FRESH MARKET Mark, TFM's THE FRESH MARKET Mark has become exceedingly strong and is distinctive of TFM's services in the minds of the consuming public. The public recognizes the THE FRESH MARKET Mark as representing the quality and value of TFM's services, identifying TFM's THE FRESH MARKET services as coming from a single source, and distinguishing TFM's THE FRESH MARKET services from other services marketed and provided by other sources.

17.     TFM has developed and acquired a valuable reputation in the minds of the consuming public in connection with its services advertised under the THE FRESH MARKET Mark and has enjoyed the goodwill associated therewith. The THE FRESH MARKET Mark is today among TFM's most valuable assets.

0099994\154867\1813980v2

## Defendants' Infringing Activities

18. Defendants currently market and provide retail grocery store services in interstate commerce in connection with the terms "Fresh Market" and "My Fresh Market" (hereinafter collectively referred to as the "Fresh Market terms"), as shown in Exhibit B.

19. Upon information and belief, Defendants had actual knowledge of the existence of TFM's THE FRESH MARKET Mark prior to Defendants' adoption and use of the Fresh Market terms, which are substantially identical to TFM's THE FRESH MARKET Mark and the TFM Registration for THE FRESH MARKET.

20. On January 22, 2015, counsel for TFM sent a letter to Defendants advising Defendants of TFM's THE FRESH MARKET Mark and demanding that Defendants cease and desist from using the term "Fresh Market" in connection with Defendants' retail grocery store services. A copy of the letter is attached as Exhibit C. Defendants did not respond to the letter.

21. On February 18, 2015, counsel for TFM sent a follow-up letter to Defendants, which noted that Defendants had changed their outdoor store signage from "Fresh Market" to "My Fresh Market," and demanded that Defendants cease and desist from using the terms "Fresh Market" and "My Fresh Market" in connection with Defendants' retail grocery store services. A copy of the letter is attached as Exhibit D. Defendants did not respond to the letter.

22.   Defendants were aware or should have been aware that the trade and purchasing public recognize and rely upon the THE FRESH MARKET Mark to identify TFM's services and to distinguish TFM's services from the services of others.

23.   Defendants were aware or should have been aware that their use of the Fresh Market terms was likely to confuse, mislead and otherwise deceive consumers into believing that Defendants' services originate from or are licensed, sponsored, approved or authorized by TFM.

24.   Defendants were aware or should have been aware that their use of the Fresh Market terms was likely to cause confusion with TFM's well-known THE FRESH MARKET Mark.

25.   Defendants' acts have likely caused confusion among the consuming public and consumers of retail grocery store services as to the source, approval, sponsorship or affiliation of Defendants' services with the like services of TFM.

26.   By the aforementioned acts, Defendants have taken advantage of and sought to trade upon the reputation and goodwill developed by TFM in connection with its THE FRESH MARKET Mark and to capitalize on the market created by TFM for it's THE FRESH MARKET services.

27.   Defendants' acts were committed with the intent to confuse or deceive the consuming public into believing that Defendants' retail grocery store services either originate from or are licensed, sponsored, approved or authorized by TFM.

0099994\154867\1813980v2

28. Defendants' acts will likely induce customers to shop in Defendants' retail grocery store under the mistaken belief that they are shopping in one of TFM's THE FRESH MARKET retail grocery stores.

29. As a result of Defendants' conduct, TFM has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.

30. The infringing activities of Defendants are wanton, willful and deliberate.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement in Violation of Lanham Act § 32)

31. TFM hereby alleges and incorporates by reference the allegations of Paragraphs 1 through 30 above.

32. As alleged in Paragraph 12 above, TFM is the owner of U.S. Trademark Registration No. 1,283,775 for THE FRESH MARKET for retail grocery store services, was placed on the Principal Register of the United States Patent and Trademark Office on June 26, 1984, and is now in full force and effect.

33. Defendants advertise, market, and provide their retail grocery store services in connection with the Fresh Market terms.

34. Defendants' advertisement, marketing, and provision of retail grocery store services in connection with the Fresh Market terms are likely to cause confusion, to cause mistake or to deceive.

35. Defendants' acts are without license, consent or permission of TFM.

36. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendants' conduct has and continues to cause irreparable injury to TFM and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to TFM for which there is no adequate remedy at law.

38. TFM also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

39. Defendants knew or had reason to know of TFM's longstanding and widely recognized use of its THE FRESH MARKET Mark and nevertheless intentionally adopted the Fresh Market terms, which are substantially identical to TFM's THE FRESH MARKET Mark and the TFM Registration for THE FRESH MARKET.

40. Given that Defendants' actions were willful, deliberate, and fraudulent, TFM is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

## SECOND CLAIM FOR RELIEF
**(False Designation of Origin and Unfair Competition in Violation of Lanham Act § 43(a))**

41. TFM repeats and reincorporates each and every allegation contained in Paragraphs 1 through 30 above as if fully set forth herein.

42. Defendants' advertisement, marketing, and provision of retail grocery store services in connection with the Fresh Market terms falsely designates and misrepresents the origin of said grocery store services and is likely to cause confusion, to cause mistake

or to deceive as to the affiliation, connection or association of Defendants with TFM or as to the sponsorship or approval of Defendants' grocery store by TFM.

43. Defendants' acts are without license from or permission of TFM.

44. Defendants' acts constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct has and continues to cause irreparable injury to TFM and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to TFM for which there is no adequate remedy of law.

46. TFM also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

47. Defendants knew or had reason to know of TFM's longstanding and widely recognized use of its THE FRESH MARKET Mark, and nevertheless intentionally adopted the Fresh Market terms, which are substantially identical to TFM's THE FRESH MARKET Mark and the TFM Registration for THE FRESH MARKET.

48. Given that Defendants' actions were willful, deliberate, and fraudulent, TFM is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

0099994\154867\1813980v2

## THIRD CLAIM FOR RELIEF
### (Cybersquatting in Violation of the Lanham Act 15 U.S.C. §1125(d))

49. TFM repeats and reincorporates each and every allegation contained in Paragraphs 1 through 30 above as if fully set forth herein.

50. Upon information and belief, and as shown in <u>Exhibit E</u> attached hereto, since approximately March 5, 2014, Defendant Zaid Ali, on behalf of himself and the other Defendants, has owned an internet domain name registration for "freshmarketstore.com," which is substantially identical to TFM's THE FRESH MARKET Mark.

51. By registering and continuing to use the "freshmarketstore.com" internet domain name, as shown in <u>Exhibit F</u>, Defendants intend to divert customers from sites affiliated with TFM in a manner that is likely to harm the goodwill represented by the THE FRESH MARKET Mark and to create a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with TFM, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by TFM. Defendants' acts have a substantial effect on interstate commerce and have unfairly damaged and impaired that part of TFM's goodwill symbolized by TFM's well-known THE FRESH MARKET Mark.

52. Upon information and belief, Defendants have a bad faith intent to profit from their continued registration and infringing use of the THE FRESH MARKET Mark in the "freshmarketstore.com" domain name.

0099994\154867\1813980v2

53.  Defendants' use of the "freshmarketstore.com" domain name is confusingly similar to the THE FRESH MARKET Mark.

54.  Defendants' unauthorized use of the THE FRESH MARKET Mark in the "freshmarketstore.com" domain name constitutes cybersquatting within the meaning of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

55.  Defendants' conduct has and continues to cause irreparable injury to TFM and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to TFM for which there is no adequate remedy of law.

56.  TFM also has suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants, and costs of suit, pursuant to 15 U.S.C § 1117.

57.  Defendants knew or had reason to know of TFM's longstanding and widely recognized use of its THE FRESH MARKET Mark, and nevertheless intentionally registered and used the domain name "freshmarketstore.com," which is substantially identical to TFM's THE FRESH MARKET Mark and the TFM Registration for THE FRESH MARKET.

58.  Given that Defendants' actions were willful, deliberate, and fraudulent, TFM is entitled to treble damages and an award of reasonable attorneys' fees against the Defendants, pursuant to 15 U.S.C § 1117.

0099994\154867\1813980v2

## FOURTH CLAIM FOR RELIEF
### (Violation of Florida Deceptive and Unfair Trade Practices Act)

59. TFM repeats and reincorporates each and every allegation contained in Paragraphs 1 through 30 above as if fully set forth herein.

60. Defendants' advertisement, marketing, and provision of retail grocery store services in connection with the Fresh Market terms falsely designates and misrepresents the origin of said grocery store services and is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Defendants with TFM or as to the sponsorship or approval of Defendants' grocery store by TFM.

61. Defendants' acts are without license from or permission of TFM.

62. Defendants' acts constitute unfair competition and deceptive trade practices which could lead to the potential destruction of the value of TFM's business and the THE FRESH MARKET Mark all in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq*.

63. TFM is aggrieved as a result of Defendant's unfair method of competition, unconscionable acts and practices and unfair and deceptive acts and practices as set forth in Fla. Stat. § 501.204.

64. Defendants' actions, as described above, have caused significant financial injury to TFM for which TFM is entitled to recover damages in an amount to be determined at trial, including reasonable attorneys' fees and costs incurred to bring this action pursuant to Fla. Stat. § 501.211(2)

65. TFM is also entitled to an injunction prohibiting Defendants from engaging in willful and malicious unfair methods of competition, unconscionable acts and practices and unfair and deceptive acts and practices under Fla. Stat. § 501.211(1).

66. TFM has retained legal counsel in this matter and is obligated to pay its attorneys a reasonable fee.

67. TFM is entitled to recover its reasonable attorneys' fees pursuant to Fla. Stat. § 501.2105.

### FIFTH CLAIM FOR RELIEF
### (Florida Common Law Unfair Competition)

68. TFM repeats and reincorporates each and every allegation contained in Paragraphs 1 through 30 above as if fully set forth herein.

69. Defendants are confusing the public and are competing unfairly by continuing to use the Fresh Market terms, which are confusingly similar to TFM's THE FRESH MARKET Mark and the TFM Registration for THE FRESH MARKET.

70. Defendants' acts are without license, consent, or permission of TFM.

71. Defendants' acts constitute unfair competition under the common law of the State of Florida.

72. Defendants' conduct has and continues to cause irreparable injury to TFM and to its business, reputation and goodwill, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to TFM for which there is no adequate remedy of law.

73. Defendants knew or had reason to know of TFM's longstanding and widely recognized use of its THE FRESH MARKET Mark, and nevertheless intentionally adopted the Fresh Market terms, which are substantially identical to TFM's THE FRESH MARKET Mark and the TFM Registration for THE FRESH MARKET.

74. Given that Defendants' actions were willful, deliberate, and fraudulent, TFM is entitled to punitive damages and an award of reasonable attorneys' fees against the Defendants.

### Prayer for Relief

WHEREFORE, TFM prays for judgment as follows:

1. The Defendants, their officers, agents, co-conspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Defendants, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   (a) providing, advertising, or promoting any retail grocery store services, or related products, in connection with the Fresh Market terms or any simulation, reproduction, copy, or colorable imitation thereof;

   (b) using any false designation of origin, or performing any act which can, or is likely to lead, members of the trade or public to believe that any retail grocery store services provided by Defendants are in any way associated or connected with TFM or is sold, licensed, sponsored, approved or authorized by TFM;

(c)     using the domain name freshmarketstore.com or any other domain name which colorably simulates TFM's THE FRESH MARKET Mark, which can, or is likely to lead, members of the trade or public to believe that any services provided or products distributed or sold by Defendants are any way associated or connected with TFM or is sold, licensed, sponsored, approved or authorized by TFM;

(d)     transferring, consigning, selling, shipping, or otherwise moving any products, in Defendants' possession, custody or control in connection with the Fresh Market terms or any mark that is substantially similar or identical to TFM's THE FRESH MARKET Mark, or disposing of in any way Defendants' records relating to the design, appearance, or purchase of advertisements or products bearing any marks confusingly similar to TFM's THE FRESH MARKET Mark;

(e)     engaging in any activity constituting unfair competition with TFM, or with TFM's rights in, or to use, or exploit, the THE FRESH MARKET Mark, or causing injury to TFM's name, reputation or goodwill; and

(f)     assisting, aiding or abiding any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (e) above.

3.     Directing that Defendants deliver up for destruction all signs, prints, products, labels, advertisements, promotional materials, catalogues, brochures,

information sheets, website materials, or other printed or graphic materials of any type in their possession or control bearing any of the matter enjoined under Paragraph 1 hereof.

4. For monetary damages sustained by TFM as a result of Defendants' unlawful conduct, and all profits realized, in an amount to be proved at trial, and to be trebled or enhanced as allowed by law because of Defendants' activities described herein.

5. Directing that the aforesaid amounts be multiplied or otherwise enhanced as permitted by law.

6. Awarding punitive damages against Defendants and in favor of TFM in amount to be determined at trial for the intentional, willful and wanton acts of Defendants.

7. Awarding TFM its reasonable attorneys' fees and costs herein.

8. Granting TFM such other and further relief as the Court may deem just and proper.

## JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: April 3rd, 2015

Respectfully submitted,

LOWNDES, DROSDICK, DOSTER, KANTOR & REED, PA

By: /s/ *Jon M. Gibbs*
Jon M. Gibbs
Fla. Bar No.: 494534
215 N. Eola Dr.
Orlando, FL 32801
Phone: (407) 843-4600
Fax: (407) 843-4444
Email: jon.gibbs@lowndes-law.com

Kimberly Bullock Gatling
N.C. Bar No.: 27234
Richard A. Coughlin
N.C. Bar No.: 19894
SMITH MOORE LEATHERWOOD, LLP
300 North Greene Street, Suite 1400
P.O. Box 21927
Greensboro, NC 27420
Phone: 336.378.5200
Fax: 336.378.5400
Email: kim.gatling@smithmoorelaw.com
rick.coughlin@smithmoorelaw.com

COUNSEL FOR PLAINTIFF
THE FRESH MARKET, INC.

0099994\154867\1813980v2